FILED
6/10/2021 4:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-21-07435

CAUSE NO. _____

| | | |
|---|---|---|
| ALICIA RAMIREZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | 134th |
| | § | |
| **Defendant** | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Alicia Ramirez complains of Defendant Wal-Mart Stores Texas, LLC and would respectfully show that:

### I.

### Discovery Control Plan

1. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.

### Jurisdiction and Venue

2. The claims asserted in this case arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events giving rise to the claims occurred in Dallas County, Texas.

### III.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief less than $75,000. Discovery in this matter has just commenced and, therefore, Plaintiff cannot

reliably state a maximum amount of damages she is seeking at this time and reserves her right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.

### Parties

4.  Plaintiff Alicia Ramirez is an individual and a resident of Dallas County, Texas.

5.  Defendant Wal-Mart Stores Texas, LLC is a limited liability company, formed in the State of Arkansas, and authorized to do business in the State of Texas.  Said Defendant may be served by and through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## V.

### Facts

6.  This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about December 30, 2020.  At that time, Plaintiff was injured while she was an invitee at at the Wal-Mart Supercenter #1800, located at 1201 Marketplace Drive in Garland, Texas.  As the premises owner, Defendant had the duty and responsibility to eliminate and/or warn business invitees of unreasonably dangerous conditions on the premises.

7.  Plaintiff sustained serious bodily injuries when she tripped over a scrunched up carpet while she was exiting the store.  At the time of the incident, there were employees nearby who witnessed Plaintiff's fall, yet failed to warn Plaintiff of the unreasonably dangerous condition.

8.  Plaintiff's injuries and damages are a direct result of an unreasonably dangerous condition on Defendant's premises that Defendant and/or its agents, servants, and/or employees knew, or in the exercise of ordinary care should have known existed.  Notably, there were no warning signs or notices to alert Plaintiff about the dangerous condition.

2

## VI.

### Causes of Action

*Negligence*

9.  Plaintiff sustained injuries because of Defendant's negligence when Defendant:

- Failed to properly maintain the premises, suitable for the ordinary use of invitees such as Plaintiff;

- Failed to exercise reasonable care to reduce or eliminate the dangerous condition on the premises;

- Failed to exercise reasonable care to avoid a foreseeable risk of injury;

- Failed to properly train and supervise their employees;

- Failed to provide a reasonably safe environment for invitees;

- Failed to give adequate warning to invitees;

- Failed to inspect the premises for hazardous conditions that may cause injury; and

- Other acts so deemed negligent.

10. As a result of Defendant's negligence, Plaintiff suffered severe physical injuries, for which she is entitled to recover monetary damages.

*Premises Liability*

11. Defendant owned, occupied and/or controlled the area where Plaintiff was injured. The condition of the area where Plaintiff was injured posed an unreasonable risk of harm, and Defendant had actual knowledge or reasonably should have known of the unreasonably dangerous condition. Moreover, Plaintiff did not have actual knowledge of the unreasonably dangerous condition.

12. Plaintiff was an invitee who entered Defendant's premises with Defendant's knowledge and for Defendant's benefit. Defendant had a duty to either warn Plaintiff of the unreasonably dangerous condition or make the unreasonably dangerous condition reasonably

3

safe. Defendant breached its duty by failing to warn Plaintiff of the unreasonably dangerous condition and/or by failing to make the unreasonably dangerous condition reasonably safe.

13. Defendant's breach of its duties proximately caused Plaintiff's injuries and damages.

## VII.

### Damages

14. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries. Plaintiff will show that she has sustained physical pain and suffering, physical impairment, mental anguish, disfigurement, lost wages, and loss of earning capacity, in the past, and in all probability will continue to sustain such damages into the foreseeable future. Plaintiff has also incurred medical and pharmaceutical expenses in the past, and an all probability will continue to incur such out of pocket expenses into the foreseeable future.

## VIII.

### Rule 193.7 Notice

15. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to Defendant that any and all documents produced may be used against the Defendant in any pretrial proceeding and/or at the time of trial of this matter, without the necessity of authenticating the documents.

## IX.

### Jury Demand

16. Plaintiff hereby demands a trial by jury in this case and tenders the required jury fee.

4

## XI.

### Designated Service E-mail Address

17. The following is the undersigned attorney's designated e-service e-mail address for all e-served documents and notices, filed and unfiled, pursuant to Texas Rules of Civil Procedure 21(f)(2) and 21a:   service@brueralaw.com.   This is the undersigned's *only* e-service e-mail address, and service through any other e-mail address will be considered invalid.

## XII.

### Prayer

18. For the reasons elaborated above, Plaintiff prays that this Court cite Defendant to appear and answer herein and that upon trial of this case that Plaintiff have judgment against Defendant and recover all damages allowed by law, prejudgment and post-judgment interest, costs of court, and such other and further relief that she may show herself to be justly entitled.

Respectfully submitted,

BRUERA LAW FIRM, PLLC

*/s/ Sofia E. Bruera*
SOFIA E. BRUERA
State Bar No. 24062189
3100 Timmons Lane, Suite 310
Houston, Texas 77027
Telephone:  (832) 430-4000
Facsimile:  (832) 558-3523
Email:  sofia@brueralaw.com
Service email*:  service@brueralaw.com
***E-service is only accepted at the above-
designated e-service e-mail address.**

**ATTORNEYS FOR PLAINTIFF**

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sofia Bruera on behalf of Sofia Bruera
Bar No. 24062189
sofia@brueralaw.com
Envelope ID: 54312917
Status as of 6/14/2021 8:45 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sofia Bruera | | sofia@brueralaw.com | 6/10/2021 4:39:58 PM | SENT |
| Sofia Bruera | | service@brueralaw.com | 6/10/2021 4:39:58 PM | SENT |



FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-07435

ALICIA RAMIREZ

vs.

WAL-MART STORES TEXAS, LLC

134th District Court

# <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: ALICIA RAMIREZ

FEE PAID: $40.00

600 COMMERCE STREET DALLAS, TEXAS 75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html